IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES                                              PLAINTIFF

         v.          Criminal No. 08-50015

JOSEPH MICHAEL RECTOR                                      DEFENDANT

                         O R D E R

Now on this 21st day of August, 2008, comes on for consideration defendant's **Motion To Dismiss For Speedy Trial Violations** (document #26), and from said motion, and the response thereto, the Court finds and orders as follows:

1.  The pending motion challenges the constitutionality of the Speedy Trial Act, and specifically **18 U.S.C. §3161(B)(iv)**.  The motion will be denied, for reasons hereinafter expressed.

2.  First, although the motion appears to challenge the constitutionality of a statute, the citation to the statute in question is erroneous.  There is no **"18 U.S.C. §3161(B)(iv)."**  While it may be possible that defendant intends to challenge **18 U.S.C. §3161(h)(8)(B)(iv),** the Court will not make such an assumption on a matter as serious as a challenge to the constitutionality of a statute.

3.  Second, it is contended that the challenged subsection "robs the defense bar of their Fifth Amendment right to life, liberty, and property"; "is a usurpation of the Solicitor's prerogative of their license"; and "has no standards that can be uniformly applied."

These allegations are inapposite and irrelevant, since the issue raised by the motion relates to the defendant's rights -- not the "rights" of his attorneys. Morever, these sweeping and conclusory allegations are unsupported by any citation to authority or even any cogent argument. Even if the allegations were properly focused (on the defendant's rights), the arguments offered to support them would be unhelpful. For example, the argument that the subsection "has no standards that can be uniformly applied" -- amplified by the following: "What some attorneys may learn in one day other attorneys may not learn in a lifetime" -- is little more than an unsupported lawyer's lament, and contributes nothing to the analysis of the issue.

4.    Third, defendant's contentions are belied and undermined by the facts of his two pending criminal cases, as can be seen from the chronology set out below.

While defendant contends that the statute "replaces the professional decision making of the attorney with the professional decision making of the judge" and "allows the United States Judiciary to act as the defense bar," the record reflects that the continuances in this case were each granted at the request of defendant's attorneys, for defendant's benefit.

5.    Because defendant has also raised the issue of computation under the Speedy Trial Act, albeit obliquely, the Court has made a thorough examination of the relevant facts and dates, and finds that there is no Speedy Trial Act violation in this case.

The Speedy Trial Act makes the following provisions relevant to the pending motion:

* An information or indictment charging an individual with an offense must be filed within thirty days of his arrest on those charges.

* If defendant pleads "not guilty" to the charges, trial must commence within seventy days of the filing date of the information or indictment, or from the date the defendant appears before a judicial officer of the court where the charge is pending, whichever is later.

* Certain periods of delay are excludable from the foregoing computations. These include "[a]ny period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." **18 U.S.C. §3161((h)(8)(A).**

* Also excludable are periods of delay resulting from "any proceeding relating to the transfer of a case . . . from another district under the Federal Rules of Criminal Procedure." **18 U.S.C. § 3161(h)(1)(G).**

* Also excludable are periods of delay resulting from "consideration by the court of a proposed plea agreement." **18 U.S.C. §3161(h)(1)(I).**

6.    Two separate -- but related -- cases are involved in the matter now pending before the Court.  Because both cases are styled United States v. Joseph Michael Rector, they will be referred to by their case numbers, Case 08-50015 and Case 08-50056.  The relevant history of the two cases is as follows:

*    Case 08-50015 began with defendant's arrest on February 8, 2008.  By Indictment filed in Case 08-50015 on March 5, 2008, defendant was charged with one count of knowingly possessing child pornography that had traveled in interstate commerce; one count of knowingly distributing child pornography that had traveled in interstate commerce; and four counts of knowingly receiving child pornography that had traveled in interstate commerce, all in violation of **18 U.S.C. §2252**.

*    Defendant was arraigned in Case 08-50015 before United States Magistrate Judge James R. Marschewski on March 14, 2008.  He pled "not guilty," and trial was scheduled for April 21, 2008.

*    On April 10, 2008, defendant moved for a continuance in Case 08-50015, asserting that sixty additional days were "necessary to review the case and computer images and to seek an expert."[1]  The government did not object, noting that "[t]he contraband material the government alleges is involved in this case is contained on two

---

[1]Defendant attempts to repudiate his retained attorney's request for sixty additional days, alleging that the expert analysis in this case took only two days, and that "[t]his ineffective assistance of counsel cost the defendant forty-three days against the speedy trial clock" and therefore "cost him the safeguards of the Speedy Trial Act."  If this were permissible, any defendant could obtain dismissal of charges under the Speedy Trial Act by the simple expedient of having his attorney request a continuance on his behalf and later repudiating it.  The Constitution does not contemplate such gamesmanship, nor will this Court countenance it.

laptop computers and three external hard drives and amounts to over 200,000 still and video images." To put this quantity into perspective, the government stated that it was "the most voluminous amount of material the forensic laboratory [of] the Federal Bureau of Investigation in Little Rock has been asked to examine to date in any investigation of computer child pornography. It follows that this amount of material would take defense counsel and a defense expert, if any, at least another thirty or more days to review."

As a result of this request by defendant, trial was continued from April 21, 2008, to May 27, 2008, and the Court found that period of delay excludable for speedy trial purposes pursuant to **18 U.S.C. §3161(h)(8)(A)**.

\* On May 22, 2008, defendant made a second motion for continuance in 08-50015, this time to allow the transfer of a case from the Western District of Oklahoma to the Western District of Arkansas, and consolidation of the two cases. As a result of this request, trial was continued from May 27, 2008, to June 30, 2008. This time is excludable pursuant to **18 U.S.C. §3161(h)(1)(G)**.

\* On or about June 26, 2008, the Court was informed that defendant was going to enter a guilty plea in Case 08-50015, and that a trial would not be necessary. The Court re-scheduled the case for a Change of Plea Hearing on July 23, 2008.

\* On July 1, 2008, Case 08-50056 was opened, with the filing of a Consent to Transfer of Case for Plea and Sentence. In Case 08-50056, defendant was charged by Information with one count of

knowingly employing, using, persuading, inducing, enticing and coercing a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of that conduct, using materials that had traveled in interstate commerce, in violation of **18 U.S.C. §2251.**

\* On July 3, 2008, the Court was furnished with a signed Plea Agreement in case 08-50056, which reflected that defendant had waived indictment and agreed to plead guilty to the Information in Case 08-50056, in return for which the Indictment in Case 08-50015 would be dismissed. A Change of Plea Hearing in Case 08-50056 was scheduled for July 23, 2008, and the Change of Plea Hearing in Case 08-50015 was cancelled. The time between July 3, 2008, and July 23, 2008, is excludable pursuant to **18 U.S.C. §3161(h)(1)(I).**

\* On July 23, 2008, defendant appeared before the Court for the Change of Plea in Case 08-50056. During that hearing, defendant advised the Court that he wished to terminate his retained attorney, Jeff Watson, and retain a different attorney, Thomas Barton Smith. Defendant also stated that he did not think he should have signed the Plea Agreement.

The Court allowed Watson to withdraw, and Smith -- who was not then admitted to practice before the United States District Court in Arkansas -- was directed to petition for admission immediately. The Court noted that the time lost because of defendant's desire to change attorneys should be excluded under the Speedy Trial Act, and asked both Watson and Smith if they had any objection. Both agreed

-6-

that the time was excludable. A conference call was contemplated "within the next few days" to discuss the status of Smith's application for admission and to re-schedule this case.

\* On August 4, 2008, a conference call was conducted by the Court. Smith advised the Court that he had just received a Certificate of Good Standing from the Arkansas Supreme Court, and planned to immediately petition for admission to the bar of this Court.

Smith was asked what defendant's intentions were with regard to Case 08-50015, in view of defendant's waffling on the Plea Agreement in Case 08-50056 and the running of the Speedy Trial clock in 08-50015. Smith indicated that his client believed the Speedy Trial Act had already been violated, but that his research did not support his client's position.[2]

The Court rescheduled the trial of Case 08-50015 for August 25, 2008, and found that the time between June 26, 2008, and August 25, 2008, was excludable for speedy trial purposes pursuant to **18 U.S.C. §3161(h)(8)(A)** and **(B)(iv)**.

7. When one excludes the periods in the foregoing chronology

---

[2]In light of this concession on Smith's part, the Court wonders why the motion under consideration was even filed, and why, having filed it, Smith did not favor the Court with the results of his research. **Rule 3.1** of the **Arkansas Rules of Professional Conduct** prohibits a lawyer from asserting an issue "unless there is a basis in law and fact for doing so that is not frivolous, which includes a good faith argument for an extension, modification or reversal of existing law." **Rule 3.3** prohibits a lawyer from knowingly failing "to disclose to the tribunal legal authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel." These Rules would seem to have counseled Smith against filing the pending motion, and certainly would seem to place upon him the obligation to offer citations to relevant authority and cogent argument if he determined that the motion had sufficient merit to file.

which are excludable under the Speedy Trial Act, it is clear that the August 25, 2008, trial date for Case 08-50015 is within the seventy days from Indictment provided by the Speedy Trial Act. Defendant's motion will, therefore, be denied.

**IT IS THEREFORE ORDERED** that defendant's **Motion To Dismiss For Speedy Trial Violations** (document #26) is **denied.**

**IT IS SO ORDERED.**

      **/s/ Jimm Larry Hendren**
**JIMM LARRY HENDREN**
**UNITED STATES DISTRICT JUDGE**