IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                              PLAINTIFF/RESPONDENT

V.                           Criminal No. 08-50015

JOSEPH MICHAEL RECTOR                                    DEFENDANT/MOVANT

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Currently before the undersigned is Defendant's **Motion for Relief Pursuant to Federal Rule of Civil Procedure 60 (Doc. 112)**. The undersigned, being well and sufficiently advised, finds and recommends as follows with respect thereto:

### BACKGROUND

On March 5, 2008, a six-count indictment was filed against the Defendant, charging him with one count of possession of child pornography, in violation of 18 U.S.C. § § 2252(a)(4) and (b)(2); , one count of distribution of child pornography, in violation of 18 U.S.C. § § 2252(a)(2) and (b)(1); and four counts of receiving an image of child pornography, in violation of 18 U.S.C. § 2252(a)(2) and (b)(1). (Doc. 9.) Defendant waived his right to a jury trial (Doc. 30), and, following a bench trial on August 27, 2008, he was found guilty on all six counts of the indictment. (Doc. 33.) On January 9, 2009, Defendant was sentenced to 1320 months imprisonment. (Doc. 39.)

On April 6, 2010, the Eighth Circuit Court of Appeals affirmed the District Court's judgment. (Doc. 59.) Defendant thereafter filed a 28 U.S.C. § 2255 motion, raising twenty-six grounds for relief. (Doc. 75.) The undersigned entered a Report and Recommendation (Doc. 95) on April 3, 2013, finding Defendant's claims to be without merit and

recommending that his § 2255 motion be denied and dismissed. On November 1, 2013, the District Court adopted the Report and Recommendation, over Defendant's objection, and dismissed Defendant's § 2255 motion. (Doc. 98.) On July 30, 2014, the Eighth Circuit denied Defendant's application for a certificate of appealability and dismissed Defendant's appeal. (Doc. 109.) On January 6, 2015, the United States Supreme Court denied Defendant's petition for a writ of certiorari. (Doc. 111.)

### RULE 60(b) MOTION

On October 5, 2015, Defendant filed the motion currently before the Court pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. Defendant asserts that, in ruling on his § 2255 motion, the Court did not indicate that it was liberally construing his motion given his pro se status. Defendant further asserts that the Court did not address all of his claims.

### DISCUSSION

A "second or successive" §2255 motion may not be filed absent certification by the Eighth Circuit, authorizing the district court to consider the successive motion. See 28 U.S.C. §2244(b)(3)(a); 28 U.S.C. § 2255(h). An inmate may not bypass this requirement by purporting to invoke some other procedure, such as a Rule 60(b) motion . See United States v. Lambros, 404 F.3d 1034, 1036 (8th Cir. 2005); Boyd v. United States, 304 F.3d 813, 814 (8th Cir. 2002) (per curiam) (if Rule 60(b) motion is actually successive habeas petition, court should dismiss it for failure to obtain authorization from court of appeals, or in its discretion, transfer motion to court of appeals); Franqui v. Florida, 638 F.3d 1368, 1372-74 (11th Cir. 2011) (concluding Rule 60(b) motion in fact was an unauthorized successive § 2255 motion). A Rule 60(b) motion is not treated as a second or successive § 2255 motion if it does not

raise a merits challenge to the resolution of a claim in a prior § 2255 proceeding, but instead attacks "some defect in the integrity of the federal habeas proceedings." Gonzalez v. Croxby, 545 U.S. 524, 532-33 (2005); United States v. Lee, 792 F.3d 1021, 1023 (8th Cir. 2015).

Defendant argues that he is not asserting a claim in his Rule 60(b) motion, but is, in fact, challenging a defect in the integrity of the proceedings resolving his § 2255 motion. With respect to Defendant's assertion that the Court did not indicate that it was liberally construing his motion given his pro se status, the undersigned did note that Defendant had filed his § 2255 motion pro se and carefully and thoroughly analyzed the numerous claims he asserted in a 48-page Report and Recommendation.  (Doc. 95.)  Further, the District Court, in adopting the Report and Recommendation, considered Defendant's lengthy objections, and issued a 40-page opinion detailing its basis for adopting the Report and Recommendation, overruling Defendant's objections, and dismissing his § 2255 motion. Given the thorough analysis and consideration of Defendant's § 2255 claims, the fact that the Court did not specifically state that it was liberally construing his § 2255 motion can, in no way, be seen as a legitimate challenge to the integrity of the proceedings.

With regard to Defendant's contention that the Court did not address all of his claims, Defendant asserts arguments regarding the veracity of the agent who submitted the affidavit in support of the search warrant for Defendant's residence, the reliability of the informant, and the staleness of the warrant.  The Court thoroughly addressed all of these issues in ruling on Defendant's § 2255 motion.  Accordingly, Defendant's arguments provide no basis for challenging the integrity of the § 2255 proceedings.

## **CONCLUSION**

Based upon the forgoing, the undersigned recommends that Defendant's **Rule 60 Motion (Doc. 112)** be **DENIED**.

**The parties have fourteen days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. Section 636(b)(1). The failure to file timely written objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED THIS 5TH day of November, 2015.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE