IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                                                        PLAINTIFF

V.                           CASE NO. 5:08-CR-50015-TLB-1

JOSEPH MICHAEL RECTOR                                                         DEFENDANT

## OPINION AND ORDER

Currently before the Court is Defendant Joseph Michael Rector's *pro se* Motion for Compassionate Release (Doc. 133) and Motion to Appoint Counsel (Doc. 135). The Court directed the Government to file a response, and the Government did so. *See* Doc. 136. Now that the Motion for Compassionate Release is ripe and having reviewed all of these filings, the Court finds that both Motions should be **DENIED** for the reasons explained below.

### I.  BACKGROUND

Following a bench trial, this Court convicted Mr. Rector of one count of possession of a visual depiction of a minor engaging in sexually explicit conduct, one count of distribution of a visual depiction of a minor engaging in sexually explicit conduct, and four counts of receiving visual depictions of a minor engaging in sexually explicit conduct (Doc. 33). This Court[1] then sentenced him within his Guideline range: 120 months on count one and 240 months on each of the remaining counts, all to run consecutively, for a total sentence of 1,320 months (Doc. 39).

Mr. Rector is currently incarcerated at Marianna FCI with a projected release date of November 3, 2101. *See* Fed. Bureau of Prisons, Inmates, https://www.bop.gov/inmat

---

[1] The Honorable Jimm Larry Hendren presiding.

eloc/ (last accessed Feb. 17, 2021).  He has served approximately 156 months of his original sentence but now moves for compassionate release under 18 U.S.C. § 3582(c)(1) due to his heart condition, hepatitis C, esophageal conditions, high blood pressure, glaucoma, sclerosis of the liver, and enlarged prostate on the grounds that he is at a higher risk of a severe infection of COVID-19.  The medical records tendered by the Government show that Mr. Rector, who is presently 69 years old, does indeed have gastro-esophageal reflux disease, high blood pressure, glaucoma, cirrhosis of the liver, an enlarged prostate, and hyperlipidemia.  See Doc. 136-1, p. 40.

## II.  LEGAL STANDARD

The First Step Act of 2018 ("FSA") permits an inmate to seek a sentence reduction directly from the sentencing court "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  18 U.S.C. § 3582(c)(1)(A)(i).  If one of these threshold requirements is satisfied, the court may grant a defendant's motion for a reduction in sentence "after considering factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A)(i).  Thus, the Court looks to the Sentencing Commission's policy statement in the United States Sentencing Guidelines ("USSG") as a starting point in determining what constitutes "extraordinary and compelling reasons" under § 3582(c)(1)(A)(i).  Application Note 1(A)(ii)(I) of USSG § 1B1.13 indicates that the medical condition of the defendant may

provide extraordinary and compelling reasons if the defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."  Although the Sentencing Commission has not updated nor adopted a new policy statement since the FSA was enacted, the policy statement nonetheless provides guidance as to what constitutes extraordinary and compelling reasons for the purposes of 18 U.S.C. § 3582(c)(1)(A).  *See, e.g.*, *United States v. Schmitt*, 2020 WL 96904, at *3 (N.D. Iowa Jan. 8, 2020).

### III.  DISCUSSION

#### A.  Exhaustion of Remedies

The Court's ability to rule on Mr. Rector's Motion is dependent on whether he: (1) fully exhausted his administrative right to appeal the BOP's failure to bring a motion for early release or (2) allowed 30 days to lapse since the warden received his request for early release, whichever event is sooner.  18 U.S.C. § 3582(c)(1)(A)(i).  Mr. Rector presents proof that he requested compassionate release from his warden on September 2, 2020. (Doc. 133, p. 2).  The Government does not contest that Mr. Rector has exhausted his administrative remedies.  Therefore, since Mr. Rector petitioned his warden for early release on September 2, 2020, and because more than 30 days have lapsed since then, the Court finds that Mr. Rector has satisfied the exhaustion requirement set forth at 18 U.S.C. § 3582(c)(1)(A)(i).

#### B.  Section 3553(a) Factors

Many of Mr. Rector's medical conditions are listed by the Centers for Disease Control and Prevention as risk factors that increase an individual's risk of severe illness

from COVID-19. Ctrs. for Disease Control and Prevention, People with Certain Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last accessed Feb. 17, 2021). Thus, for the sake of argument, the Court will assume that Mr. Rector has demonstrated extraordinary and compelling reasons for his release.

Regardless, he is not a suitable candidate for early release considering the Section 3553(a) factors. Section 3582(c)(1) requires the Court to consider the factors set forth in 18 U.S.C. § 3553(a) before granting a motion for compassionate release. The relevant conduct described in Mr. Rector's PSR—which was adopted in its entirety by the Court—includes repeated instances of hands-on conduct against multiple minors. *See* Doc. 126, ¶¶ 26–28, 38–41. Due to this extremely serious conduct, and consistent with Mr. Rector's Guideline range, this Court handed down what is, in effect, a life sentence to Mr. Rector. After reviewing the PSR, the Court continues to believe that this sentence is appropriate. Moreover, allowing Mr. Rector to complete his prison sentence in 156 months would create a significant disparity with other defendants who have been held responsible for similar acts. In short, after considering and weighing all of the Section 3553(a) factors, the Court finds that permitting Mr. Rector to complete his 1,320-month sentence after serving approximately 156 is insufficient to reflect the seriousness of his offense conduct, to promote respect for the law, and to afford adequate deterrence to those who would seek to engage in similar criminal activities.

For these reasons, even assuming Mr. Rector has demonstrated extraordinary and compelling medical reasons justifying a reduction of his sentence, the Court finds that the Section 3553(a) factors do not justify Mr. Rector's compassionate release.[2]

## IV. CONCLUSION

**IT IS THEREFORE ORDERED** that Joseph Michael Rector's *pro se* Motion for Compassionate Release (Doc. 133) and Motion to Appoint Counsel (Doc. 135) are **DENIED**.

**IT IS SO ORDERED** on this 17th day of February, 2021.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE

---

[2] To the extent Mr. Rector asks to serve the remainder of his sentence in home confinement, the FSA gives only the BOP—not the Court—the power to decide where Mr. Rector serves his sentence. *See* 18 U.S.C. §§ 3624(c)(4), 3621(b).

5